1  E. MARTIN ESTRADA
   United States Attorney
2  MACK E. JENKINS
   Assistant United States Attorney
3  Chief, Criminal Division
   JOSEPH S. GUZMAN (Cal. Bar No. 310493)
4  Assistant United States Attorney
   General Crimes Section
5      1200 United States Courthouse
       312 North Spring Street
6      Los Angeles, California 90012
       Telephone: (213) 894-2438
7      Facsimile: (213) 894-0141
       E-mail:   Joseph.Guzman2@usdoj.gov
8
   Attorneys for Plaintiff
9  UNITED STATES OF AMERICA

10              UNITED STATES DISTRICT COURT

11         FOR THE CENTRAL DISTRICT OF CALIFORNIA

12  UNITED STATES OF AMERICA,        No. 2:24-MJ-00253-DUTY

13            Plaintiff,             GOVERNMENT'S NOTICE OF REQUEST FOR
                                     DETENTION
14            v.

15  ILYA KHAN,

16            Defendant.

17

18       Plaintiff, United States of America, by and through its counsel

19  of record, hereby requests detention of defendant and gives notice of

20  the following material factors:

21  ☐  1.    Temporary 10-day Detention Requested (§ 3142(d)) on the

22           following grounds:

23     ☐  a.    present offense committed while defendant was on release

24              pending (felony trial),

25     ☐  b.    defendant is an alien not lawfully admitted for

26              permanent residence; and

27

28

1   ☐   c.   defendant may flee; or

2   ☐   d.   pose a danger to another or the community.

3   ☒   2.   Pretrial Detention Requested (§ 3142(e)) because no

4        condition or combination of conditions will reasonably

5        assure:

6        ☒   a.   the appearance of the defendant as required;

7        ☒   b.   safety of any other person and the community.

8   ☐   3.   Detention Requested Pending Supervised Release/Probation

9        Revocation Hearing (Rules 32.1(a)(6), 46(d), and 18 U.S.C.

10       § 3143(a)):

11       ☐   a.   defendant cannot establish by clear and convincing

12            evidence that he/she will not pose a danger to any

13            other person or to the community;

14       ☐   b.   defendant cannot establish by clear and convincing

15            evidence that he/she will not flee.

16  ☐   4.   Presumptions Applicable to Pretrial Detention (18 U.S.C.

17       § 3142(e)):

18       ☐   a.   Title 21 or Maritime Drug Law Enforcement Act ("MDLEA")

19            (46 U.S.C. App. 1901 et seq.) offense with 10-year or

20            greater maximum penalty (presumption of danger to

21            community and flight risk);

22       ☐   b.   offense under 18 U.S.C. §§ 924(c), 956(a), 2332b, or

23            2332b(g)(5)(B) with 10-year or greater maximum penalty

24            (presumption of danger to community and flight risk);

25       ☐   c.   offense involving a minor victim under 18 U.S.C.

26            §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251,

27            2251A, 2252(a)(1)-(a)(3), 2252A(a)(1)-2252A(a)(4),

28

2260, 2421, 2422, 2423 or 2425 (presumption of danger to community and flight risk);

☐ d.   defendant currently charged with an offense described in paragraph 5a - 5e below, <u>AND</u> defendant was previously convicted of an offense described in paragraph 5a - 5e below (whether Federal or State/local), <u>AND</u> that previous offense was committed while defendant was on release pending trial, <u>AND</u> the current offense was committed within five years of conviction or release from prison on the above-described previous conviction (presumption of danger to community).

☒ 5.   Government Is Entitled to Detention Hearing Under § 3142(f) If the Case Involves:

☐ a.   a crime of violence (as defined in 18 U.S.C. § 3156(a)(4)) or Federal crime of terrorism (as defined in 18 U.S.C. § 2332b(g)(5)(B)) for which maximum sentence is 10 years' imprisonment or more;

☐ b.   an offense for which maximum sentence is life imprisonment or death;

☐ c.   Title 21 or MDLEA offense for which maximum sentence is 10 years' imprisonment or more;

☐ d.   any felony if defendant has two or more convictions for a crime set forth in a-c above or for an offense under state or local law that would qualify under a, b, or c if federal jurisdiction were present, or a combination or such offenses;

1    ☐    e.    any felony not otherwise a crime of violence that
2         involves a minor victim or the possession or use of a
3         firearm or destructive device (as defined in 18 U.S.C.
4         § 921), or any other dangerous weapon, or involves a
5         failure to register under 18 U.S.C. § 2250;
6    ☒    f.    serious risk defendant will flee;
7    ☐    g.    serious risk defendant will (obstruct or attempt to
8         obstruct justice) or (threaten, injure, or intimidate
9         prospective witness or juror, or attempt to do so).
10   ☐  6.   Government requests continuance of _____ days for detention
11        hearing under § 3142(f) and based upon the following
12        reason(s):

13

14   _____

15   _____

16   _____

17  //  _____
18  //
19  //
20  //
21  //
22  //
23  //
24  //
25  //
26  //
27  //
28  //

1    ☐    7.    Good cause for continuance in excess of three days exists in

2              that:

3

4         _____

5         _____

6         _____

7         _____

8    Dated: January 18, 2024              Respectfully submitted,

9                                         E. MARTIN ESTRADA
                                          United States Attorney
10
                                          MACK E. JENKINS
11                                        Assistant United States Attorney
                                          Chief, Criminal Division
12

13                                         */s/ Joseph S. Guzman*
                                          _____
14                                        JOSEPH S. GUZMAN
                                          Assistant United States Attorney
15
                                          Attorneys for Plaintiff
16                                        UNITED STATES OF AMERICA

17

18

19

20

21

22

23

24

25

26

27

28